UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE WALKER, <br><br> Plaintiff, <br><br> v. <br><br> WESTLAKE FINANCIAL SERVICES, LLC, <br><br> Defendant. | CASE NO. 1:19-cv-06921 <br><br> Honorable Virginia M. Kendall |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff, Yvonne Walker ("Walker"), entered into a contract for the purchase of a vehicle. In her complaint, Walker alleges that Defendant, Westlake Financial Services, LLC ("Westlake Financial Services"), acted improperly in trying to enforce that contract. For its part, in addition to denying Walker's allegations, Westlake Financial Services has filed a counterclaim for breach of that contract.

Walker has moved to dismiss that counterclaim. In support of her motion, Walker makes two arguments. But this Court should reject both of these arguments.

First, Walker argues that Westlake Financial Services' counterclaim is not sufficiently related to Walker's statutory claims to come within this Court's supplemental jurisdiction. To support this argument, Walker cites a string of cases from outside the Seventh Circuit. Yet—although Walker doesn't mention it in her motion—the Seventh Circuit and courts within this District have repeatedly rejected similar arguments. This Court should decline Walker's invitation to ignore this authority.

Second, Walker argues that, even if Westlake Financial Services' counterclaim is within this Court's supplemental jurisdiction (which it is), this Court should decline to exercise supplemental jurisdiction. Walker argues that, if a consumer is subject to a claim for an underlying debt, he or she will be discouraged from bringing statutory claims like the ones Walker brings here. Once again, Walker cites a string of cases from outside the Seventh Circuit to support this argument. Yet once again—although Walker doesn't mention it in her motion—courts in the Seventh Circuit have repeatedly rejected similar arguments. In so doing, these courts have recognized, among other things, that a consumer who has recently defaulted on a contract is always subject to a breach-of-contract claim. Forcing the parties to litigate that claim in a separate forum simply creates duplicative and unnecessarily costly additional litigation.

Walker's motion to dismiss should be denied.

## Background

Walker entered into a retail installment sales contract ("Retail Installment Sales Contract") for the purchase of a 2016 Toyota Corolla ("Vehicle"). *See* Pl.'s Compl., ¶ 9; Def.'s Counterclaim, ¶ 1.[1] Westlake Financial Services is the assignee of the Retail Installment Sales Contract. *See* Def.'s Counterclaim, ¶ 2; *see also* Retail Installment Sales Contract (attached as Exhibit A to Defendant's Answer, Affirmative Defense, and Counterclaim), p. 1. Under the Retail Installment Sales Contract, Walker agreed to make monthly payments, totaling $33,424.56. *See id*. The Retail Installment Contract states that Walker is in default if, among other things, Walker "breaks any agreement in" the Retail Installment Sales Contract. *See id*.

Walker admits that she did not make the required monthly payments. *See* Pl.'s Compl., ¶ 11. Stated another way, Walker admits that she breached the Retail Installment Sales Contract.

---

[1] In considering a motion to dismiss a counterclaim, a court "accept[s] all well-pleaded allegations in the counterclaim as true and draw[s] all reasonable inferences in favor of the counterclaim." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

After Walker breached the Retail Installment Sales Contract, Westlake Financial Services called Walker to obtain payment under the Retail Installment Sales Contract. *See id*., ¶¶ 14, 18. Walker alleges that, in so doing, Westlake Financial Services violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq*. *See* Pl.'s Compl., Counts I & II. Specifically, Walker alleges that, after she revoked her consent to receive calls, Westlake Financial Services called her using an automatic telephone dialing system and a pre-recorded voice. *See* Pl.'s Compl, ¶ 28. For its part, Westlake Financial Services denies, among other things, that Westlake Financial Services used an automatic telephone dialing system and that Walker revoked her consent to receive calls. *See* Def.'s Answer, ¶ 28.

In any event, Walker alleges that Westlake Financial Services made at least 45 improper calls to her. *See* Pl.'s Compl., ¶ 28. Pursuant to the TCPA, Walker seeks to recover $500 to $1,500 in statutory damages for each of these calls. *See id*., ¶ 30. That is, Walker seeks statutory damages of at least $22,500 to $67,500. Additionally, pursuant to the ICFA, Walker seeks punitive damages and attorneys' fees. *See id.*, p. 8. Meanwhile, in Westlake Financial Services' counterclaim, Westlake Financial Services seeks to recover $7,057.89 plus fees and costs in connection with Walker's admitted breach of the Retail Installment Sales Contract. *See* Def.'s Counterclaim, ¶ 10.

Walker moves to dismiss Westlake Financial Services' counterclaim.

## **Argument**

Walker makes two arguments in support of her motion to dismiss. But these arguments are inconsistent with cases in the Seventh Circuit and well-reasoned cases from across the country. So this Court should reject both of Walker's arguments.

    **A.**    **Because the breach-of-contract counterclaim involves the same "case or controversy" as Walker's statutory claims, this Court has supplemental jurisdiction over the counterclaim.**

        **1.**    **The Seventh Circuit has found that supplemental jurisdiction extends to all counterclaim forming part of the same case or controversy as the plaintiff's claim.**

Walker argues that, because Westlake Financial Services' breach-of-contract counterclaim is permissive rather than compulsory, there must be "an independent jurisdictional basis" for the Court to exercise supplemental jurisdiction over the counterclaim. *See* Pl.'s Motion to Dismiss, p. 6. Walker is incorrect. Indeed, for going on a quarter of century now, the Seventh Circuit has rejected similar arguments in similar circumstances.

For example, in *Channell v. Citicorp National Services, Inc.*, the plaintiff filed a class-action complaint, alleging violation of a consumer-protection statute in connection with contracts between the defendant and the class members. *See* 89 F.3d 379, 384 (7th Cir. 1996). In response, the defendant filed a counterclaim for breach of contract. *See id*. And the Seventh Circuit considered whether, because that counterclaim was permissive and there was no independent basis for the counterclaim, the court lacked jurisdiction over the counterclaim. *See id*. The Seventh Circuit rejected the argument that jurisdiction was lacking. *See id*.

In rejecting the argument that jurisdiction over the counterclaim was lacking, the Seventh Circuit recognized that Congress's 1990 enactment of the supplemental-jurisdiction statute, 28 U.S.C. §1367, has expanded the scope of jurisdiction over counterclaims. *See id*. at 384-85. Specifically, section 1367 provides for supplemental jurisdiction over counterclaims that are part of the same "case or controversy" as the plaintiff's claim. *See id*. at 385. This standard requires only that the counterclaim and the plaintiff's claim share a "loose factual connection." *Id*. at 385. That is to say, this standard is broader than the "same transaction" standard for determining

whether a counterclaim is compulsory (and so potentially waived if not raised in the first lawsuit between the parties). To satisfy the same-transaction standard, the counterclaim and the plaintiff's claim may need to involve the same factual and legal issues. *See Burlington N. RR. Co. v. Strong*, 907 F.2d 707, 712 (7th Cir.1990) (applying pre-1367 jurisdictional rules to case that arose before 1367 took effect). But the standard under section 1367 is much broader than that. *See Channel*, 89 F.3d at 384.

In short, the Seventh Circuit has specifically rejected the argument that, because a breach-of-contract counterclaim is a permissive counterclaim to a plaintiff's statutory-consumer claim, there must be a separate jurisdictional basis for the breach-of-contract counterclaim. *See Channell*, 89 F.3d at 385. So this Court has supplemental jurisdiction over Westlake Financial Services' breach-of-contract counterclaim.

### 2. Walker's position has been rejected here and in well-reasoned cases across the country.

In addition to declining to mention *Channell*, Walker makes two attempts to support her position. Neither is persuasive.

First, Walker argues that, "while there is Seventh Circuit precedent that suggests a permissive counterclaim *must* have an independent jurisdictional basis, there is similar precedent which suggests that the inquiry into whether a court has subject matter jurisdiction is not so limited to the permissive/compulsory distinction, instead requiring a separate 'same case or controversy' analysis under 28 U.S.C. § 1367(a)." Pl.'s Motion to Dismiss, p. 6 (emphasis in original). In other words, Walker suggests that there is a split of authority in the Seventh Circuit.

Not so. In support of her argument, Walker cites *Oak Park Trust & Savings Bank v. Therkildsen*, 209 F.3d 648 (7th Cir. 2000). Yet, in *Therkildsen*, the Seventh Circuit did not say that—contrary to its pronouncement in *Channell* and numerous other cases before and since—***all***

5

permissive counterclaims require an independent jurisdictional basis. Rather, in *Therkildsen*, the Seventh Circuit merely recognized that, because the defendant's permissive counterclaim and the plaintiff's claim in that case were not "part of the same case or controversy," the defendant's permissive counterclaim required an independent jurisdictional basis. *See* 209 F.3d at 651. Walker's independent-jurisdictional-basis argument should be rejected.[2]

Second, Walker argues that, regardless of whether her claims and the counterclaim need only form part of the same case or controversy, her claims and the counterclaim are not part of the same case or controversy. *See* Pl.'s Motion to Dismiss, pp. 6-10. To put it another way, Walker argues that there is no "loose factual connection" between Westlake Financial Services' counterclaim that Walker breached the Retail Installment Sales Contract, and Walker's claim that Westlake Financial Services acted improperly in trying to enforce the Retail Installment Contract.

To support this position, Walker points out that there is not complete identity between the facts and law underlying Walker's statutory claims and Westlake Financial Services' breach-of-contract counterclaim. Yet, in making this argument, Walker simply ignores *Channell* and multiple decisions from courts in this District. *See*, *e.g.*, *Channell*, 89 F.3d at 385-86 (finding

---

[2] To be sure, the language in *Therkildsen* is somewhat imprecise. *See Spaulding Moving & Storage, Inc. v. Nat'l Forwarding Co.*, No. 07-C-4095, 2008 WL 781929, * 2 n. 3 (N.D. Ill. Mar. 20, 2008) (finding that *Therkildsen* is inconsistent with *Channell* and numerous other Seventh Circuit decisions, and finding that *Channell* and these other decisions accurately represent the current state of the law in the Seventh Circuit). But, four years after deciding *Therkildsen*, the Seventh Circuit again reiterated that "[e]ven a permissive counterclaim, if part of the same case or controversy (a condition met here), may be brought under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), without an independent basis of jurisdiction." *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004). And, while this reiteration might have come in *dicta*, this reiteration is consistent with numerous Seventh Circuit decisions before and since. *See, e.g., Walker v. Ingersoll Cutting Tool Co.*, 915 F.3d 1154, 1157 (7th Cir. 2019) (recognizing in a similar context that, "[i]f a district court possesses original jurisdiction over one claim, 28 U.S.C. § 1367(a) permits that court to also exercise supplemental jurisdiction over any claim that is 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy'"); *see also* 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3567.1 ("§1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection.").

that the same case or controversy covered the defendant's breach-of-contract counterclaim and the plaintiff's claim for violation of the Consumer Leasing Act, because even though "[t]he acts creating the claims differ," the "constants" included the parties and the contract); *Pesce v. Nuvell Credit Co., LLC*, No. 11-C -1380, 2011 WL 2115667, at *3 (N.D. Ill. May 26, 2011) (finding that the same case or controversy covered the defendant's breach-of-contract counterclaim and the plaintiff's claim for violation of the Fair Credit Reporting Act ("FCRA"), because the claims were "intertwined" where "Plaintiff allege[d] that Defendant violated the FCRA by inaccurately reporting [Plaintiff]'s alleged debt on the car lease to credit bureaus," and "Defendant maintain[ed] that Plaintiff committed a breach of contract by violating the very same lease"); *Mufwene v. Am. Credit Exch.*, No. 10 C 2591, 2010 WL 4539451, at *1 (N.D. Ill. Nov. 3, 2010) (finding that the same case or controversy covered the defendant's breach-of-contract counterclaim and the plaintiff's claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), because, although "the actual validity of the underlying debt is not relevant to [the plaintiff's] FDCPA claim…, the debt that Defendant seeks to collect involves the same debt for which Defendant is suing Plaintiff") (internal quotation marks and citations omitted).

Moreover, contrary to what Walker's motion suggests, the Seventh Circuit and courts in this District are not outliers on this issue. To the contrary, numerous other courts have found that, where a plaintiff alleges that a defendant violated the TCPA in placing calls to collect a debt, the defendant's breach-of-contract counterclaim for recovery of the debt is part of the same case or controversy. *See, e.g.*, *Gonzalez v. Chase Bank USA, N.A.*, No. 18-cv-00431-CAB-AGS, 2018 WL 2461490, at *5 (S.D. Cal. June 1, 2018); *Coleman v. Dish Network LLC*, No. CV17-02460, 2017 WL 6888289, at *5 (C.D. Cal. Nov. 22, 2017); *Bates v. Am. Credit Acceptance, LLC*, No. 16-12239, 2016 WL 5477429, at *3 (E.D. Mich. Sept. 29, 2016); *Edwards v.*

7

*Equitable Acceptance Corp.*, No. 14-CV-00888, 2015 WL 3607297, at *4 (N.D. Ohio June 8, 2015); *Wilson v. Discover Bank*, No. 12-CV-05209-RBL, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012).

In an effort to get around this authority, Walker cites several cases finding that, for jurisdiction to exist over a counterclaim, the counterclaim and the plaintiff's claim must involve the same factual and legal issues. *See Salas v. Ford Motor Credit Co., LLC*, No. 18-CV-748, 2019 WL 1472888, * 3 (W.D. Tex. Apr. 3, 2019); *Ensz v. Chase Bank USA NA*, No. 18-CV-2065, 2019 WL 136982, *4 (N.D. Iowa Jan. 7, 2019); *Riazi v. Ally Fin., Inc.*, No. 17-CV-1705, * 5 (E.D. Mo. Sept. 26, 2017); *Ramsey v. Gen. Motors Fin. Co.*, No. 15-0827, 2015 WL 6396000, *2 (M.D. Tenn. Oct. 22, 2015). And, admittedly, these cases do say that.

In so doing, however, these cases say the opposite of what the Seventh Circuit has said. *See Channell*, 89 F.3d at 385. The Seventh Circuit has found that—while an identity of factual and legal issues may be necessary for claims to involve the "same transaction" under the compulsory-counterclaim standard—the "case or controversy" standard is broader.[3] *Compare id. with Burlington N. RR.*, 907 F.2d at 712. Unlike the same-transaction standard, the case-or-controversy standard requires only a "loose factual connection" between the claim and counterclaim. *See Channell*, 89 F.3d at 385. Applying this standard, the Seventh Circuit and courts in this District have repeatedly rejected the argument that a statutory consumer claim and a breach-of-contract counterclaim are not part of the same case or controversy. *See*, *e.g.*, *Channell*, 89 F.3d at 385-86; *Pesce*, 2011 WL 2115667, * 3; *Mufwene*, 2010 WL 4539451, *1.

This Court has supplemental jurisdiction over Westlake Financial Services' counterclaim.

---

[3] For this reason, Walker is really off base when she relies on *Peterson v. United Accountants, Inc.*, 638 F.2d 1134 (8th Cir. 1981). That case was decided nearly a full decade before section 1367 took effect. And the issue there was whether the counterclaim was compulsory under the transaction test; the case has nothing to do with section 1367's case-or-controversy requirement.

    **B.    Because Walker's public-policy argument ignores Walker's contractual obligations and the narrow scope of the contract claim, this Court should not decline to exercise supplemental jurisdiction.**

As a fallback to her lack-of-supplemental-jurisdiction argument, Walker insists that, regardless of whether this Court has supplemental jurisdiction over Westlake Financial Services' breach-of-contract counterclaim, this Court should decline to hear that counterclaim. Walker makes two arguments to support this fallback position. This Court should reject both.

    **1.    This case does not present "exceptional circumstances" for declining to exercise jurisdiction.**

Walker argues that, under section 1367(c)(4), there are "exceptional circumstances" for this Court to decline to exercise supplemental jurisdiction. *See* Pl.'s Motion to Dismiss, p. 11-14. Specifically, Walker argues that, if defendants in consumer cases can bring breach-of-contract counterclaims, plaintiffs will be unwilling to bring consumer cases. As Walker puts it, "[t]he only possible reason that Defendant seeks to join its state law counterclaim to Plaintiff's federal statutory claim is to gain 'leverage' and do 'damage control' by offsetting Plaintiff's statutory claims, and possibly dissuade this Plaintiff, and other consumers, from asserting their federal rights regarding an underlying debt." *See id.*, p. 11.

Of course, Walker is not the first plaintiff to make this "chilling effect" argument. And the Seventh Circuit and other courts have recognized multiple flaws in this argument.

Three of these flaws are particularly apparent.

First, even if Walker's statutory claims are valid (which Westlake Financial Services denies), Walker's statutory claims do not absolve her of her obligations under the Retail Installment Sales Contract. As the Seventh Circuit has stressed, ***"[p]laintiffs cannot expect a court to tolerate evasion of lawful debts, or to use the fact that case-by-case enforcement is***

9

***expensive to [creditors] (perhaps too expensive to justify independent legal action) to bestow on [debtors] a legal right to avoid collection***." See *Channell,* 89 F.3d at 386 (emphasis added).

Regardless of whether this Court exercises supplemental jurisdiction over the counterclaim, Walker faces a potential breach-of-contract claim for her ***admitted*** failure to make required payments under the Retail Installment Sales Contract. *See* Pl.'s Compl., ¶ 11 (admitting that she failed to make required payments under the Retail Installment Sales Contract). So—as courts in this District have found—dismissal of the counterclaim does not remove the "chilling effect" of potential breach-of-contract exposure. Rather, dismissal of the counterclaim simply undermines "judicial efficiency and economy…[and] burden[s] the state court system with parallel litigation over overlapping issues." *Mufwene*, 2010 WL 4539451, at *2.

Second, whatever the validity of the chilling-effect argument in general, the argument is particularly weak here. Unlike plaintiffs bringing claims under the FDCPA or FCRA, Walker does not simply seek attorneys' fees and a maximum $1,000 in statutory damages. Walker seeks $67,500 under the TCPA (which has no damages cap), and seeks punitive damages and attorneys' fees under the ICFA. *See* Pl.'s Compl., ¶ 30; *id*. at p. 8. On the other hand, in Westlake Financial Services' breach-of-contract counterclaim, Westlake Financial Services seeks only $7,057.89 plus fees and costs in connection with Walker's admitted breach of the Retail Installment Sales Contract. *See* Def.'s Counterclaim, ¶ 10. To look at it another way, unlike in the FDCPA context (where the potential recovery on the counterclaim can dwarf the potential recovery on the plaintiff's claim), Walker's potential recovery here far exceeds Westlake Financial Services' potential recovery. Therefore, based on this math, courts have found the chilling-effect argument particularly unpersuasive in the TCPA context. *See Gonzalez*, 2018 WL 2461490, at *5; *Wilson*, 2012 WL 1899539, at * 4.

Third, although Walker insists her position is pro-consumer, the Seventh Circuit has recognized that the opposite may be true. As the Seventh Circuit explained, "[c]onsideration of consumers' interests…favors adjudicating rather than dismissing [a breach-of-contract] counterclaim." *Channell*, 89 F.3d at 386. This is because "legal expenses of collection, are part of the cost of credit and ultimately are paid by [consumers]." *Id*. So "[l]egal rules that increase collections and reduce expenses may require *these* [plaintiffs] to pay more, but the cost of [credit] will fall for consumers as a group—for in competition any reduction in costs flows to consumers."[4] *Id*. (emphasis in original).

To try to get around the problems with her position, Walker again cites a bunch of cases from outside the Seventh Circuit. *See* Pl.'s Motion to Dismiss, pp. 11-14. These cases are doubly unpersuasive, though. For one thing, these cases are inconsistent with cases in this District. *See Pesce*, 2011 WL 2115667, at * 4; *Mufwene*, 2010 WL 4539451, at *2. For another thing, these cases fail to recognize that—if the fear of a breach-of-contract claim is going to deter a consumer from bringing suit—that deterrence should exist regardless of whether the breach-of-contract claim is brought in federal court or state court.[5] *See id*.

---

[4] In *Channell*, the Seventh Circuit reversed the district court's decision that supplemental jurisdiction was lacking. *See* 89 F.3d at 385-86. The Seventh Circuit then discussed various considerations regarding whether, even though the court had supplemental jurisdiction, the court should nevertheless decline to exercise that jurisdiction. *See id.* at 386-87. For example, the Seventh Circuit said that—given the class-action nature of the dispute and the numerous potential different defenses to lease claims against different class members—individual contract claims might overwhelm the plaintiffs' statutory claim. *See id*. Ultimately, the Seventh Circuit remanded the case for the district court to consider this issue in the first instance. *See id*. at 387. But this is not an issue here: this is not a class action, and Walker admits she breached the Retail Installment Sales Contract. *See* Pl.'s Compl., ¶ 11.

[5] Only one court in this District has accepted Walker's chilling-effect argument. *See Crawford v. Equifax Payment Servs., Inc.*, No. 97-4240, 1998 WL 704050, * 7 (N.D. Ill. Sept. 30, 1998). In that case, though, the court did not consider the Seventh Circuit's discussion of how allowing the counterclaim to proceed could benefit consumers as a whole. Moreover, in that case, unlike in this case, the plaintiffs sought small individual recoveries under the FDCPA, as opposed to tens of thousands of dollars under the TCPA.

Walker has failed to establish exceptional circumstances for declining to exercise supplemental jurisdiction.

### 2. The simple breach-of-contract counterclaim will not "substantially predominate" over Walker's statutory claims.

In addition to her unpersuasive exceptional-circumstances argument, Walker argues that, under section 1367(c)(2), this Court should decline to exercise supplemental jurisdiction, because Westlake Financial Services' breach-of-contract counterclaim will "substantially predominate" over Walker's statutory claims. *See* Pl.'s Motion to dismiss, p. 12. This is so, Walker argues, because "the evidence required to prove the respective claims [is] wholly distinct." *Id*. This argument is problematic for at least three important reasons.

First, under Walker's argument, a counterclaim satisfies the "substantially predominate[s]" exception whenever the counterclaim and the plaintiff's claim do not involve identical factual and legal issues. But then, whenever a counterclaim fails to satisfy the narrow same-transaction test for compulsory counterclaims, a court should find that the counterclaim substantially predominates over the plaintiff's claim, and decline to exercise supplemental jurisdiction. After all, the same-transaction test asks whether the counterclaim and the plaintiff's claim involve identical factual and legal issues. *See Strong*, 907 F.2d at 712.

Yet the Seventh Circuit has made clear that section 1367's grant of supplemental jurisdiction extends beyond claims involving the same transaction; it extends to claims involving the same case or controversy (that is, a loose factual connection). *See Channell* , 89 F.3d at 385. Under Walker's theory, the exception for counterclaims that "substantially predominate"

12

swallows the rule that supplemental jurisdiction extends beyond counterclaims that involve factual and legal issues identical to the plaintiff's claim.[6]

Second, Walker's argument defies common sense. Walker's claims raise complex issues relating to whether Westlake Financial Services' phone equipment constitutes an automatic telephone dialing system. On the other hand, Westlake Financial Services' counterclaim raises simple questions of contract law. Indeed, Walker has already conceded that (a) she obtained the Vehicle pursuant to the Retail Installment Sales Contract and (b) she did not make the required payments under the Retail Installment Sales Contract.

Westlake Financial Services' counterclaim will focus on a simple accounting of what Walker owes. For this reason, too, this Court should reject Walker's argument that the breach-of-contract counterclaim will substantially predominate over Walker's statutory claims. *See Coleman, 2017 WL 6888289, at \*5*. As one court succinctly stated in rejecting a similar argument, a breach-of-contract counterclaim "does not raise any novel or complex issues of state law and will not substantially predominate over the TCPA claim during the course of proceedings in this action." *Id*.

Third, in defending against Walker's statutory claims, Westlake Financial Services will introduce Walker's account documents to establish (a) Walker provided consent to receive phone calls and (b) Walker did not revoke that consent. Walker's account documents will also support Westlake Financial Services' breach-of-contract counterclaim. And, under similar circumstances, courts have noted that, "because the [loan documents] likely would be presented

---

[6] Walker cites a single case to support her substantially-predominates argument. In that case, though, the district court in New York adopted the position that, because the counterclaim and the plaintiff's claim did not involve identical factual and legal issues, the counterclaim substantially predominated. *See Nichols v. Niagara Credit Recovery, Inc.*, 12-CV-1068, 2013 WL 1899947, \*9 (N.D.N.Y. May 7, 2013). And, as discussed, that position is inconsistent with the Seventh Circuit's position. *See Channell*, 89 F.3d at 385.

as part of the affirmative defense to the TCPA claims, the additional issue of whether any payments are due would not require a substantial amount of additional discovery or trial evidence." *See Coleman*, 2017 WL 6888289, at * 5. Westlake Financial Services' breach-of-contract counterclaim does not substantially predominate over Walker's statutory claims.

In sum, this Court should reject Walker's argument that, regardless of whether this Court has jurisdiction over Westlake Financial Services' counterclaim, this Court should decline to exercise jurisdiction over that counterclaim.

## Conclusion

This Court should reject both of Walker's arguments against the exercise of supplemental jurisdiction. First, because Westlake Financial Services' breach-of-contract counterclaim and Walker's statutory claims involve the same case or controversy, this Court has supplemental jurisdiction over the counterclaim. Second, because declining to exercise jurisdiction could unnecessarily increase the amount and cost of litigation between the parties (without countervailing benefit), this Court should reject Walker's public-policy argument that this Court should decline to exercise the supplemental jurisdiction this Court has over the counterclaim. Thus, for the reasons stated, Westlake Financial Services respectfully requests that this Court deny Walker's motion to dismiss, and grant any additional relief that this Court deems appropriate.

Dated: March 3, 2020

**WESTLAKE FINANCIAL SERVICES, LLC,**
Defendant

Scott J. Helfand
Scott.Helfand@huschblackwell.com
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
(312) 655-1501 Facsimile

By: /s/ Scott J. Helfand
    One of Its Attorneys

14

**CERTIFICATE OF SERVICE**

I, Scott J. Helfand, an attorney, hereby certify that a true and correct copy of the foregoing was served electronically upon counsel of record:

>Nathan Charles Volheim
>nvolheim@sulaimanlaw.com
>
>Alejandro Emmanuel Figueroa
>alejandrof@sulaimanlaw.com
>
>Eric Donald Coleman
>ecoleman@sulaimanlaw.com
>
>Taxiarchis Hatzidimitriadis
>thatz@sulaimanlaw.com

by the filing of said document through the Court's electronic filing system on this 3rd day of March 2020.

>s/ Scott J. Helfand