IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE WALKER, | ) |
| *Plaintiff-Counterdefendant,* | ) ) ) |
| v. | ) No. 19 C 6921 ) |
| WESTLAKE FINANCIAL SERVICES, LLC, | ) Judge Virginia M. Kendall ) ) ) |
| *Defendant-Counterclaimant.* | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

After Plaintiff Yvonne Walker failed to make her monthly car payments, Defendant Westlake Financial Services, LLC, sought to collect the debt she owed it. Walker alleges that the methods Westlake used violated federal and state law, and she brought suit against Westlake. (Dkt. 1). Westlake counterclaimed for Walker's breach of her contract to pay for her vehicle. (Dkt. 18). Walker has moved to dismiss Westlake's counterclaim on the grounds that the Court lacks jurisdiction to hear it. (Dkt. 20). For the following reasons, her motion is denied.

**BACKGROUND**

The following factual allegations are taken from Westlake's counterclaim and are assumed true for purposes of this motion. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) ("A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded

factual allegations and drawing reasonable inferences in favor of the plaintiffs."). Where noted, certain references are also made to Walker's complaint.

In 2018, Yvonne Walker purchased a 2016 Toyota Corolla, which she financed through a Retail Installment Sales Contract. (Dkt. 1 at ¶ 9; Dkt. 18 at 11 ¶¶ 1–2) That contract was assigned to Westlake. (Dkt. 18 at 11 ¶¶ 1–2; Dkt. 18-1 at 2). Walker fell behind on her payments. (Dkt. 18 at 12 ¶¶ 8–10). The vehicle was repossessed and sold, leaving a deficiency of balance of $7,057.89. (*Id.*).

Walker alleges that after she fell behind on the debt, she began receiving collection calls to her cell phone, which she believes to be from Westlake. (Dkt. 1 ¶¶ 12–21). These calls, she claims, used prerecorded messages or an automatic dialing system. (*Id.* at ¶¶ 12–21, 27). She alleges that she demanded Westlake cease calling her, but the calls continued. (*Id.* at ¶¶ 19–21). Based upon these calls, Walker filed suit against Westlake, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/1 *et seq.* (Dkt. 1).

Westlake answered the complaint and asserted a counterclaim against Walker. (Dkt. 18). Westlake's counterclaim alleges that Walker breached the parties' Retail Installment Sales Contract. (Dkt. 18 at 11–12, ¶¶ 1–13). Westlake seeks to recover the remaining balance due under the contract. (*Id.* at 12). Walker has moved to dismiss Westlake's counterclaim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. 20).

## **DISCUSSION**

This Court has original jurisdiction over Walker's TCPA claim pursuant to 28 U.S.C. § 1331. Walker asserts that Westlake's breach-of-contract counterclaim is a permissive counterclaim over which this Court lacks supplemental jurisdiction. 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

While Walker focuses on the distinction between compulsory and permissive counterclaims, the focus here should instead be on § 1367. *See Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers."). To assess whether supplemental jurisdiction exists, "[c]ourts often ask whether the claims share a common nucleus of operative facts." *Prolite Bldg. Supply, LLC v. MW Manufacturers, Inc.*, 891 F.3d 256, 258 (7th Cir. 2018). "A loose factual connection between the claims is generally sufficient." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). "So, for example, supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction." *Prolite*, 891 F.3d at 258.

Walker argues that the validity of the underlying debt is immaterial to her TCPA claim, and therefore no supplemental jurisdiction exists. Her claim, she says, relies on the use of an "automatic telephone dialing system or an artificial or prerecorded voice" without consent, 47 U.S.C. § 227(b)(1)(a), and whatever debt Westlake was calling about is irrelevant.

Walker, however, takes too narrow a view and disregards several relevant facts. Here, Westlake's claim involves "the same parties, contracts, and course of action" as the TCPA claim. *Prolite*, 891 F.3d at 258. Both claims arise from a common nucleus of operative facts, namely Walker's failure to make payments under the Retail Installment Sales Contract and related collection attempts. At least one court within this district has concluded as much under similar circumstances, and courts outside of this district have reached the same conclusion specifically in TCPA cases. *See, e.g., Mufwene v. Am. Credit Exch.*, No. 10 C 2591, 2010 WL 4539451, at *1 (N.D. Ill. Nov. 3, 2010) ("Although Mufwene is correct that the actual validity of the underlying debt is not relevant to her FDCPA claim, . . . as she admits, 'the debt that Defendant seeks to collect involves the same debt for which Defendant is suing Plaintiff.' Thus, the court finds that American Credit's counterclaim has at least a 'loose factual connection' to Mufwene's FDCPA claim.") (citations omitted); *see also, e.g., Gonzalez v. Chase Bank USA*, N.A., No. 318CV00431CABAGS, 2018 WL 2461490, at *5 (S.D. Cal. June 1, 2018) (referencing Seventh Circuit law and concluding that "supplemental jurisdiction exists over a defendant's state-law counterclaim related to the debt underlying a plaintiff's RFDCPA and/or TCPA

claim"); *Bates v. Am. Credit Acceptance, LLC*, No. 16-12239, 2016 WL 5477429, at *3 (E.D. Mich. Sept. 29, 2016) ("In sum, neither Plaintiffs' TCPA-based claims, nor Defendant's breach of law contract claim, would exist but for the November 2011 contract and the parties' actions thereunder").[1]

Additionally, the prohibitions in the TCPA apply when there is no consent, and consent is a defense to such a claim. *See Blow v. Bijora, Inc.*, 855 F.3d 793, 803 (7th Cir. 2017). Thus, whether Walker consented to the calls is a central, operative fact in her claim. Westlake notes that it will be introducing Walker's account documents to establish her consent, and those same documents support the breach-of-contract counterclaim. (Dkt. 28 at 13). Indeed, the contract between the parties, which Westlake attached to its counterclaim, includes a provision regarding agreement to collection contacts using prerecorded messages and automatic telephone dialing systems. (Dkt. 18-1 at 3). To assess Walker's TCPA claim would require reviewing the contract entered into by the parties including, possibly, assessing its validity and the circumstances under which it was entered. That the same contract will play a central role in a claim and counterclaim involving the same parties further solidifies that the exercise of supplemental jurisdiction is appropriate here. *See, e.g., Coleman v. Dish Network LLC*, No. LACV1702460JAKAFMX, 2017 WL 6888289, at *5 (C.D. Cal. Nov. 22, 2017) (noting that where defendant would reference underlying contract

---

[1] This Court does not find persuasive out-of-district cases to the contrary. *Salas v. Ford Motor Credit Co., LLC*, No. 1:18-CV-748-RP, 2019 WL 1472888 (W.D. Tex. Apr. 3, 2019), for example, relies largely on the standards for bringing compulsory counterclaims, rather than supplemental jurisdiction.

in consent defense to TCPA claim, breach-of-contract counterclaim shared "at least a partial, but material, common nucleus of operative facts").

Even if a Court may exercise supplemental jurisdiction, it can decline to do so if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The TCPA claim remains pending here. The counterclaim is a state-law breach-of-contract claim and is not novel or especially complex. And, despite Walker's arguments to the contrary, there is little reason to believe that the counterclaim would substantially predominate over Walker's claim, particularly given the fact that Walker herself admits that she "fell behind on the monthly payments owed to Defendant." (Dkt. 1 ¶ 11). Additionally, as noted, Westlake states that its counterclaim will rely on at least some of the same documents as its defense to Walker's claims, supporting the argument that the counterclaim will not introduce significant additional discovery.

That leaves § 1367(c)(4). Walker argues that allowing Westlake to bring its breach-of-contract counterclaim would dissuade Walker and others "from asserting their federal rights." (Dkt. 20 at 11). Her argument that allowing such counterclaims would have a "chilling" effect is unpersuasive. True, the TCPA serves to protect consumers. *See Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 967 (7th Cir. 2020) ("The TCPA is a remedial statute that we must liberally

construe in favor of consumer protection."). That being said, "[p]laintiffs cannot expect a court to tolerate evasion of lawful debts." *Channell*, 89 F.3d at 386. That Walker may be deserving of protection from abusive practices does not mean she is entitled to avoid any claims against her. "In addition, the extent of the chilling effect that would accompany this Court's decision to exercise supplemental jurisdiction over Defendant's breach-of-contract claim is questionable. If defendants. . . are predisposed to bring state-law counterclaims in an effort to dissuade suit in the first place, they could always file such claims in state court." *Pesce v. Nuvell Credit Co., LLC*, No. 11 C 1380, 2011 WL 2115667, at *3 (N.D. Ill. May 26, 2011). And exercising supplemental jurisdiction "will support judicial efficiency and economy by not requiring [the counterclaimant] to burden the state court system with parallel litigation over overlapping issues." *Mufwene*, No. 10 C 2591, 2010 WL 4539451, at *2 ; *see also Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 981 (7th Cir. 2011) (noting that convenience and economy are factors suggesting the appropriate exercise of supplemental jurisdiction). This Court concludes that it is appropriate in this case to exercise its supplemental jurisdiction over Westlake's counterclaim.

## **CONCLUSION**

For the foregoing reasons, Walker's motion to dismiss Westlake's counterclaim is denied.

_____
Virginia M. Kendall
United States District Judge

Date: June 17, 2020